UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SHANE MICHAEL RENECKER, <br><br> Defendant. | No. CR06-7Z <br><br> ORDER |

Defendant Shane Renecker pled guilty to two counts of Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1) and 1029(a)(5). Plea Agreement, docket no. 21, at 1. This Court held a sentencing hearing on June 29, 2006, and sentenced Renecker to 48 months imprisonment. Minute Entry, docket no. 28. At the hearing, the Court deferred determining the amount of restitution owed by Renecker. Id. The Court requested further briefing on the issue of restitution. The Court has now reviewed Defendant's Supplemental brief regarding restitution, Supplemental Argument, docket no. 30, and the Government's Reply, docket no. 31. The Court now issues the following Order regarding restitution.

ORDER 1−

The issue is whether the Court is limited to imposing restitution only for the loss directly attributed to the two counts for which Renecker was convicted, or whether restitution may be imposed for losses caused by all the Defendant's related criminal behavior. The Court's power to order restitution is derived from 18 U.S.C. § 3663A, and the issue in this case hinges on the definition of "victim" contained in the statute:

> For the purposes of this section, the term "victim" means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern.

18 U.S.C. § 3663A(a)(2). Thus, if the crime for which Renecker was convicted includes, as an element of the crime, "a scheme, conspiracy, or pattern of criminal conduct," then Renecker may be ordered to pay restitution to everyone proximately harmed by the conduct. If, on the other hand, "a scheme, conspiracy, or pattern of criminal conduct" is not an element of Aggravated Identity Theft, then restitution is limited to the loss directly attributable to the crime. See United States v. Lawrence, 189 F.3d 838, 846 (9th Cir. 1999).

The crime of Aggravated Identity Theft incorporates a charge of fraud in connection with credit card access devices, governed by 18 U.S.C. § 1029(a)(5),[1] which criminalizes:

> knowingly and with intent to defraud effects transactions, with 1 or more access devices issued to another person or persons, to receive payment or any other thing of value during any 1-year period the aggregate value of which is equal to or greater than $1,000.

18 U.S.C. § 1029(a)(5). To the extent that the crime of Aggravated Identity Theft could be said to contain the element of "a scheme, conspiracy, or pattern of criminal conduct," it is through the elements of section 1029(a)(5). The interpretation of this statute is therefore at the heart of the dispute.

---

[1] Any incorporated charge is an element of the count of conviction. See United States v. Arlt, 252 F.3d 1032, 1038 (9th Cir. 2001).

ORDER  2–

Section 1029(a)(5) does not contain the actual terms "scheme" or "pattern." The Government contends that this is not necessary. The Government argues that the language of the statute clearly contemplates a scheme or pattern of criminal conduct, because the statute references "transactions" using access "devices" in which the value of the property is "aggregated" over "any 1 year period." Reply, docket no. 31, at 3. This suggests that multiple transactions are contemplated by the statute, and therefore that a "scheme" or "pattern" is an element of the statute. Id. The Government admits that it would be possible to violate section 1029(a)(5) with a single transaction, but does not believe that this negates finding scheme or pattern to be an element of the crime.[2]

Renecker strongly disagrees, stating that, because a conviction based on section 1029(a)(5) may be based on a single act, no pattern, conspiracy, or scheme could possibly be an element of the crime. Indeed, the Ninth Circuit defines "element" as "a constituent part of the offense which must be proved by the prosecution *in every case* to sustain a conviction under a given statute. Singh v. Ashcroft, 386 F.3d 1228, 1231 (9th Cir. 2004) (quoting United States v. Innie, 7 F.3d 840, 850 (9th Cir. 1993)). Thus is would appear that, if it is possible to have even a single conviction under section 1029(a)(5) where the actor was not involved in "a scheme, conspiracy, or pattern of criminal conduct," then these could not be said to be elements of the crime.

Renecker cites two cases supporting this interpretation. In United States v. Davenport, the Fourth Circuit considered the very question of whether "a scheme, conspiracy, or pattern of criminal conduct" was an element of 18 U.S.C. § 1029(a)(5), and concluded that it was not. 445 F.3d 366, 373-74 (4th Cir. 2006). Renecker further argues

---

[2] The Government does not cite any case law in support of this interpretation, either in this particular statute, or any similar statute. Gonzalez-Sandoval v. United States Immigration and Naturalization Service, 910 F.2d 614 (2003) is cited for the proposition that substance is more important than terminology in deciding whether a scheme or pattern exists. However, that case does not ask whether "scheme" or "pattern" is an implied element of any statute, and therefore is not applicable to the case at bar.

ORDER  3–

that the 9th Circuit implicitly agreed with this analysis in United States v. Johnson, 132 F.3d 1279 (9th Cir. 1997).  In Johnson, the defendant pled guilty to one count of violating 18 U.S.C. § 1343, and one count of violating 18 U.S.C. § 1029(a)(1).[3]  The court decided that the first of these crimes, specifically requiring the defendant to be involved in a "scheme" to defraud, did contain a "scheme" as an element of the crime.  The court did not reach the question of whether section 1029(a)(1) contained an implicit "scheme" or "pattern" element, or even whether it was possible to find such an element implicitly.

The Government urges the Court to ignore the holding in Davenport, as both dicta and non-binding.  The holding was not dicta.  The Davenport court held that Davenport's offense (under 18 U.S.C. § 1029(a)(5)) did not involve as an element a scheme, conspiracy or pattern.  Davenport, 445 F.3d at 373-74.  Further, a plain language analysis of the statute reveals that the terminology of scheme or pattern is nowhere to be found in the statute, and the Government has been unable to cite authority for the proposition that such elements may implicitly be found in any statute.[4]  Finally, the Government admits that it is possible to violate section 1029(a)(5) without engaging in a scheme or pattern of criminal conduct.  Reply, docket no. 31, at 4.  To be an element of a crime, the prosecution would have to prove such a scheme or pattern in *every* violation of section 1029(a)(5), not just *most* violations.

The Court limits Renecker's restitution liability to $10,110.57, the loss directly attributable to the underlying offenses of conviction.  The Government is directed to submit a judgment for signature consistent with the Court's sentence in open court on June 29, 2006,

---

[3] Renecker incorrectly states that the defendant in Johnson violated 18 U.S.C. § 1029(a)(5). Rather, Johnson involved section 1029(a)(1) which criminalizes "knowingly and with intent to defraud produces, uses, or traffics in one or more counterfeit access devices." Because the language differs from section 1029(a)(5), Johnson does not support or harm Renecker's case.

[4] The Court also notes that the Ninth Circuit pattern instruction no. 8.72 (Crim. Model Jury Instruction 2003) does not require proof of a scheme or pattern as an element of a crime under section 1029(a)(5).

ORDER 4–

and this Order limiting restitution to $10,110.57.  The defendant has waived his right to be present when the Court signs the judgment.

IT IS SO ORDERED.

DATED this 2nd day of August, 2006.

_____
Thomas S. Zilly
United States District Judge

ORDER  5–